### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-02945-TWP-MPB |
| | ) | |
| WEXFORD OF INDIANA, LLC, in their official | ) | |
| and individual capacity as Health Care Provider | ) | |
| for the Indiana Department of Correction, | ) | |
| DUANE[1] PIERCE, in his official and individual | ) | |
| capacity as Health Care Doctor/Medical Director | ) | |
| for Wexford, | ) | |
| JENNIFER STURM, RN, as a nurse, in her | ) | |
| official and individual capacity at the Pendleton | ) | |
| Correctional Facility, and | ) | |
| KRIS PRYOR, LPN, a nurse, in her official and | ) | |
| individual capacity at the Pendleton Correctional | ) | |
| Facility, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION AS MOOT

This matter is before the Court on several pending Motions.  Plaintiff Douglas Reaves ("Mr. Reaves"), an inmate at Pendleton Correctional Facility ("Pendleton"), brings his action pursuant to 42 U.S.C. § 1983 alleging that the Defendants Wexford of Indiana, LLC, Duan Pierce, Jennifer Sturm, and Kris Pryor (collectively, the "Defendants") have failed to treat his broken hand and he asks to be sent offsite to a specialist. This Order addresses Mr. Reaves' Motion for Preliminary Injunction (Dkt. 4), Motion to Inform Court of New Medical Developments regarding his Motion for Preliminary Injunction (Dkt. 41), Motion for Emergency Medical Injunction (Dkt. 61), and Motion for Leave to File Supplemental Emergency Medical Injunction (Dkt. 67).  For the reasons that follow, his requests for injunctive relief are **denied as moot**.

---

[1] Defendant advises that his first name is spelled Duan (*see* Dkt. 69-1); **the Clerk is directed** to correct the docket accordingly.

## I.   <u>LEGAL STANDARD</u>

A preliminary injunction is an extraordinary remedy never awarded as of right.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).   "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Id.* (citation and quotation marks omitted). Granting a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it."  *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citation and quotation marks omitted).

> To obtain a preliminary injunction, a plaintiff must establish that [he] has some likelihood of success on the merits; that [he] has no adequate remedy at law; that without relief [he] will suffer irreparable harm. If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction. However, if the plaintiff passes that threshold, the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest.

*GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citations and quotation marks omitted).

The Court's power to grant preliminary injunctive relief is further limited by Section 3626(a)(2) of the Prison Litigation Reform Act ("PLRA") (18 U.S.C. §3626(a)(2); *Westefer v. Snyder*, 689 F.3d 679, 683 (7th Cir. 2012).  That Section of the PLRA provides as follows: (2) Preliminary injunctive relief – In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  (*See* Dkt. 27 at 3.)

## II.   <u>BACKGROUND</u>

On February 10, 2020, Mr. Reaves fell down some steps at Pendleton, injuring his hand. (Dkt. 6 at 1.)  That day, he was evaluated by a member of the nursing staff and his hand was

immobilized with an elastic bandage.  (Dkt. 27-1 ¶ 7.)  X-rays for Mr. Reaves' broken hand were delayed but did indicate that his hand was broken.  (Dkt. 2-1 at 13.)

In April 2020, Mr. Reaves spoke to the provider at a chronic care visit about his hand pain and was advised to use ice for swelling as needed and take Tylenol, ibuprofen, or naproxen as needed for pain.  (Dkt. 27-2 at 20.)

In June 2020, Mr. Reaves saw Dr. Martial R. Knieser ("Dr. Knieser") who noted that, based on the x-rays, the bone in Mr. Reaves' hand would take some time to resolve completely.  (Dkt. 27-1 ¶ 9; Dkt. 2-1 at 27.)   But Dr. Knieser noted that the fracture was healing within Mr. Reaves' finger and the x-ray showed good alignment. (Dkt. 27-1 ¶ 9.)  Mr. Reaves will likely always have a bump on his right hand because of the injury, but this bump should not affect the status of the healed fracture within the hand itself.  (Dkt. 27-1 ¶ 10.)

Mr. Reaves saw Dr. Knieser again in March 2021 for hand pain, and Dr. Knieser ordered prednisone for his swelling.  (Dkt. 41-1 at 3.)  At a visit in June 2021, Dr. Kneiser ordered an additional x-ray of the hand and noted that Mr. Reaves had a contusion of the fifth digit.  (Dkt. 62 at 11.)  Dr. Knieser also noted that Mr. Reaves had a prescription for Nortriptyline, which should help relieve his pain.  Mr. Reaves was seen by a doctor again on July 13, 2021, who reviewed the recent x-rays.  (Dkt. 62 at 3-5.)  The x-ray again showed that the fracture had healed with mild bowing.  *Id*.  The doctor also noted that Mr. Reaves indicated that he purchases pain medication through commissary at Pendleton.  *Id.*

During the times relevant to Mr. Reaves' Complaint, Defendant Duan Pierce, M.D. ("Dr. Pierce") was the Associate Regional Medical Director for Indiana employed by Wexford Health through June 30, 2021.  (Dkt. 69-1 at 1.)  As of July 1, 2021, Dr. Pierce remained employed as the Associate Regional Medical Director by Centurion Health, who is the current corporate entity responsible for providing medical services within the Indiana Department of Correction.  *Id*.  Dr.

Pierce recently reviewed Mr. Reaves medical records and his x-rays continue to show that the fifth metacarpal fracture in Mr. Reaves right hand is healed with a mild bowing, which typically indicates that there is no need for additional intervention. *Id*. at 1-3. However, "given that Mr. Reaves continues to report complaints of pain and swelling in his right hand even with the treatment that has been provided by various onsite providers," Dr. Pierce has "authorize[d] Mr. Reaves to be sent offsite for an orthopedic consult." *Id.* at 3- 4. Additionally, Dr. Pierce indicates that he will meet directly with Mr. Reaves for an additional in-person evaluation of his right hand. *Id*.

## III.   DISCUSSION

The Defendants initially argued that Mr. Reaves is not entitled to injunctive relief because he had not met the elements required for the Court to issue an injunction, as he has not provided sufficient evidence to show that he will suffer irreparable harm in the absence of an injunction. (Dkt. 27 at 3.) Nor has he shown a culpable mental state on the part of the Defendants or that he has received adequate medical care for his broken hand. *Id*. at 4. But since Mr. Reaves renewed his Motion, the Defendants have affirmed in their August 16, 2021 Response to the Motion for Emergency Medical Injunction, that he will be sent to a specialist. (Dkt. 69.) Because the Defendants have agreed to provide Mr. Reaves with the treatment he has requested, his requests for injunctive relief are now moot.

## IV.   CONCLUSION

Because the Defendants have agreed to provide Mr. Reaves with the relief he seeks through his motions for injunctive relief – an orthopedic consultation – his Motion for Preliminary Injunction Dkt. [4], Motion for Emergency Medical Injunction Dkt. [61], and Motion for Leave to File Supplemental Emergency Medical Injunction(Dkt. [67], are **DENIED as moot**. Similarly,

his Motion to Inform the Court of New Medical Developments, Dkt. [41], is also **DENIED as moot**.

The Defendants shall report to the Court by **Monday, September 27, 2021**, whether the consultation has taken place and the results of that consultation.

**SO ORDERED.**

Date: 9/8/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Douglas Reaves, #881987
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com