UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02945-TWP-MPB |
| | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| DUAN PIERCE, | ) |
| JENNIFER STURM, | ) |
| KRIS PRYOR, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion Requesting Further Reporting and Motion Seeking Order and Granting Motion to Turn Over Evidence, and Motion to Turn Over Medical Records**

This matter is before the Court on Plaintiff Douglas Reaves' ("Reaves") Motion Seeking Order (directing Defendants to follow up treatment plan of offsite Orthopedic Specialists) (Dkt. 123); Motion to Turnover Evidence Regarding Dkt. 123 (Dkt. 124); and Motion to Turn Over Medical Records in support of Dkts. 123 and 124 (Dkt. 127). Reaves, who is incarcerated at Pendleton Correctional Facility, alleges in this lawsuit that the defendants – Wexford of Indiana, LLC, Duan Pierce, Jennifer Sturm, and Kris Pryor (collectively "the Defendants") – provided him inadequate medical care for his broken hand. In his Motions, Reaves seeks an order in which he requests that the defendants take certain steps regarding his current medical care. The Motion to turn over evidence and a Motion to turn over medical records, are granted. But because Reaves seeks an order directing medical providers to take certain steps regarding his medical treatment, that motion is treated as seeking injunctive relief. The request for injunctive relief is denied.

## I. Background

Reaves previously filed a motion for a preliminary injunction requesting that the Court order the defendants to provide care for his hand. In response to that motion, the defendants agreed to provide him a consultation with an orthopedic specialist. Dkt. 69. The Court therefore denied Reaves's request for injunctive relief as moot and directed the defendants to report to the Court whether the consultation has taken place and its results. Dkt. 73. Reaves later had an orthopedic consultation on October 21, 2021. Dkt. 92-1. The specialist ordered a wrist splint and elbow brace and recommended neurological testing to determine the cause of his hand pain. *Id.*

After meeting with the specialist, Reaves filed a motion asking the Court to direct the defendants to ensure the neurological testing would take place. Dkt. 83. The defendants responded that Wexford no longer provides medical care at the Indiana Department of Correction ("IDOC"), but that Reaves had been scheduled for treatment as ordered by the specialist. Dkt. 93. The Court granted the motion for order for further report to the extent that the defendants were directed to report whether the testing and any other treatment had taken place. Dkt. 102.  The defendants responded that the testing was scheduled for December 2021, dkt. 105, but the defendants later reported that, because Reaves was late for the appointment, the testing had to be rescheduled for February 2022. Dkt. 110.

Reaves then filed a motion requesting further reporting in which he states that he still has not received the testing. Dkt. 112. He has also filed a motion seeking order, motion to turn over evidence, and a motion to turn over medical records all related to his request to receive the testing. Dkt. 123, 124, 127. He states that he has been told that he is not going to be sent offsite for further treatment.

## II. Discussion

The defendants oppose Reaves's motions arguing that they cannot be ordered to provide the care Reaves seeks. They explain that, as of June 30, 2021, Wexford no longer contracts with IDOC to provide medical care to Indiana inmates. Dkt. 126-1 ¶ 4. In addition, Defendants Duan Pierce and Jennifer Sturm no longer work at the IDOC and therefore cannot provide Reaves with treatment. Dkt. 126. Finally, the defendants point out that while defendant Kris Pryor does still work in the IDOC, she is a registered nurse, and therefore cannot order medical treatment. *Id*. Defendants conclude by asserting that there is no party in this case who can implement an order to refer Reaves to a neurologist.

"An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Here, because neither Centurion nor a Centurion-employed doctor are parties to this case, the Court cannot order them to provide Reaves with the treatment he seeks. His motion asking for injunctive relief must be therefore denied.[1]

## III. Conclusion

For the foregoing reasons, Reaves's motion requesting further reporting, dkt. [112], and motion seeking order, dkt. [123], are **DENIED**.     Reaves's motions to turn over evidence, dkt. [124], and dkt. [127], are **GRANTED** to the extent that the exhibits submitted with that motion were considered.

---

[1] Mr. Reaves may consider filing a separate lawsuit regarding the medical care he is currently receiving for his hand. He is reminded that such lawsuit would be subject to the filing fee and screening requirement of 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Date: 5/24/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DOUGLAS REAVES
881987
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com